UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMON ACOSTA-ROSARIO,

                       Plaintiff,

            -v.-

RONALD E LYTCH et al.,

                     Defendants.

23 Civ. 9077 (JHR)

MEMORANDUM OPINION AND ORDER

JENNIFER H. REARDEN, District Judge:

Defendants Ronald E. Lytch ("Lytch"), NFI Interactive Logistics, LLC ("NFI LLC"), and National Freight Inc. ("National Freight") (together, "Defendants") removed this case from the Supreme Court of New York, Bronx County to this Court. *See* ECF No. 1 (Not. of Removal). Defendants invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. *Id.* ¶ 3.

For the reasons set forth below, this case is REMANDED to the Supreme Court of New York, Bronx County.

## I.      BACKGROUND

On June 14, 2023, Plaintiff Ramon Acosta-Rosario commenced this action in the Supreme Court of New York, Bronx County. *See* ECF No. 1 Ex. A (Compl.). Plaintiff seeks damages for injuries allegedly sustained in a June 9, 2022 motor vehicle accident involving a vehicle owned by NFI LLC and National Freight and operated by Lytch. *Id.* ¶¶ 5, 15, 23.

The Notice of Removal, filed October 16, 2023, attached the following exhibits: (A) Plaintiff's Summons and Verified Complaint; (B) the affidavit of service of the Summons and Complaint; (C) Defendants' Answer to the Complaint; (D) Defendants' discovery demands, including a Request to Admit and a demand for a Verified Bill of Particulars; (E) Plaintiff's Verified Bill of Particulars; (F) the "MV-104 Report of Motor Vehicle Accident" from the June 9, 2022 accident; (G) "Entity Information" regarding National Freight from the New York State,

Department of State, Division of Corporations; and (H) "Entity Information" regarding NFI

LLC.  *See* ECF Nos. 1-1 (Ex. A); 1-2 (Ex. B); 1-3 (Ex. C); 1-4 (Ex. D); 1-5 (Ex. E); 1-6 (Ex. F);

1-7 (Ex. G); 1-8 (Ex. H).

## II.    LEGAL STANDARDS

Removal jurisdiction exists only if the action is one over which the district court would

have original jurisdiction.  *See* 28 U.S.C. § 1441(a).  Diversity jurisdiction lies where there is

complete diversity of citizenship among the parties and the amount in controversy exceeds

$75,000.  *Id.* § 1332(a).

"[T]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of

demonstrating that the grounds for diversity exist and that diversity is complete."  *Herrick Co. v.*

*SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (quoting *Advani Enters., Inc. v.*

*Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)).  So too does the "party invoking the

jurisdiction of the federal court ha[ve] the burden of proving that it appears to a 'reasonable

probability' that the claim is in excess of the statutory jurisdictional amount."  *Scherer v.*

*Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook*

*Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).

"[C]ourts 'have an independent obligation to determine whether subject-matter

jurisdiction exists, even in the absence of a challenge from any party.'"  *Nguyen v. FXCM Inc.*,

364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514

(2006)); *see also Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d

56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited

jurisdiction' and lack the power to disregard such limits as have been imposed by the

Constitution or Congress." (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365,

374 (1978))).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c)

### III.    DISCUSSION

Defendants have failed to (i) establish diversity of citizenship and (ii) show to a "reasonable probability" that the amount in controversy exceeds $75,000.

Plaintiff's Citizenship

First, the Notice of Removal asserts that Plaintiff is a citizen of New York because Plaintiff "never responded, objected to or moved with respect to [Defendants'] Request to Admit," which "sought to have [P]laintiff admit that, at that [sic] the time of the cause of action which gives rise to this action (i.e., June 9, 2022), plaintiff was a citizen of the State of New York."  Not. of Removal ¶¶ 13-14.  The exhibit attached in support of this assertion appears to reference an unrelated action brought by a different plaintiff against NFI LLC.  *See* Ex. E ¶¶ 1-2 ("Defendants, Sebastian Ortiz Herrera and NFI Interactive Logistics, LLC, asks the Plaintiff to respond within 30 days to these requests by admitting, . . . . [that] [o]n July 22, 2022, plaintiff, Doris Noemi Orellana Jara was a citizen of the State of New York.").  Even if the Request to Admit cited by Defendants had been served upon the appropriate plaintiff, "Plaintiff[]'s silence" in response to Defendants' Request to Admit would "not relieve Defendants of their burden to set forth facts in their notice of removal establishing [ ] jurisdiction[]."  *Santamaria v. Krupa*, No. 15 Civ. 6259 (DLI), 2015 WL 6760140, at *2 (E.D.N.Y. Nov. 5, 2015) (remanding case *sua sponte*); *cf. Rodick v. City of Schenectady*, 1 F.3d 1341, 1346 n.1 (2d Cir. 1993) ("Graven in stone is the maxim that parties cannot confer jurisdiction on a federal court by consent or stipulation." (citation omitted)).  In any event, the Notice of Removal misses the mark by asserting Plaintiff's citizenship (*i.e.*, New York) "as of the time of [sic] this cause of action arose," Not. of Removal ¶ 15, rather than "a[s] [of] the time [ ] the action was commenced in

3

state court and a[s] [of] the time of removal," *Mitchell v. City Express Limousine, LLC*, No. 17 Civ. 4490 (SHS), 2017 WL 2876313, at *2 (S.D.N.Y. July 6, 2017).

Second, Plaintiff's Complaint avers only that Plaintiff is "a resident of the County of Queens, City and State of New York," Compl. ¶ 1, which flies in the face of the "well-established" rule that "allegations of residency alone cannot establish citizenship." *Hines v. Azoth Inv. SPC Ltd.*, No. 21 Civ. 10309 (VSB), 2022 WL 683996, at *2 (S.D.N.Y. Mar. 8, 2022) (remanding case *sua sponte* where complaint merely alleged that plaintiff was "an individual residing in [ ] Puerto Rico" and that the two individual defendants were "both [ ] believed to be residing in San Francisco, California" (citation omitted)).

In sum, the allegations in the Notice of Removal and the Complaint fall short of establishing Plaintiff's citizenship. *See Ymbras v. Inserra Supermarkets, Inc. et al.*, No. 24 Civ. 00066 (PMH), 2024 WL 532716, at *2 (S.D.N.Y. Jan. 10, 2024) (remanding case *sua sponte* because "[p]laintiff's failure to respond to [d]efendants' Notice to Admit is insufficient to establish citizenship for jurisdictional purposes[,]" and the "allegations in the [c]omplaint [ ] concern[ing] [p]laintiff's residence [ ] are likewise insufficient to establish his citizenship for jurisdictional purposes.").

Defendants' Citizenship

The record also fails to establish Defendants' citizenship. A limited liability company ("LLC") "takes the citizenship of each of its members." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). And, "[f]or the purposes of diversity jurisdiction, a partnership takes the citizenship of all of its partners." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.,* 943 F.3d 613, 615 (2d Cir. 2019). An LLC with a partnership as its sole member "is a citizen of every state of which [the member's] partners are citizens." *Id.* at 616. The Notice of Removal asserts that Defendant NFI LLC is

4

"owned by NFI, L.P., a Delaware corporation with its principal place of business in Camden, New Jersey." Not. of Removal ¶ 19. The Notice of Removal does not identify the partners in NFI, L.P.—much less their states of citizenship—thereby leaving the citizenship of Defendant NFI LLC unknown. *See Reed v. Marvin Lumber & Cedar Co., LLC*, No. 22 Civ. 09701 (PMH), 2022 WL 16960963, at *2 (S.D.N.Y. Nov. 16, 2022) (remanding case *sua sponte* where "[t]he Notice of Removal fail[ed] to adequately allege the citizenship of defendant [LLC] in that it d[id] not set forth the citizenship of that limited liability company's members").

Finally, although "diversity of citizenship must exist *both* at the time that the action was commenced in state court and at the time of removal," *Mitchell*, 2017 WL 2876313, at *2, the Notice of Removal only asserts Defendant Lytch's citizenship (i.e., New Jersey) "as of the time this cause of action arose," Not. of Removal ¶ 16.

Amount in Controversy

In addition, Defendants have failed to establish that the amount in controversy exceeds $75,000. The Notice of Removal asserts that, "[o]n or about September 15, 2023, plaintiff served a Verified Bill of Particulars in which plaintiff alleges damages for hospital expenses, physicians' services, diagnostic testing, therapy, medications and supplies 'in excess of approximately $50,000.00'. . . . [and] also alleges damages for loss of employment earnings since the subject accident in the amount of 'approximately one thousand dollars ($1,000.00) weekly'" for "the 66 weeks from the date of loss (June 9, 2022) through the date of service of the Verified Bill of Particulars . . . . total[ing] approximately $66,000.00." Not. of Removal ¶¶ 7, 8. Defendants therefore assert that the amount in controversy is $166,000,000, calculated by adding $66,000 to the $50,000 demanded by Plaintiff in the Verified Bill of Particulars. "While defendants need not 'prove the amount in controversy to an absolute certainty,' they have 'the burden of proving that it appears to a reasonable probability that the claim is in excess of the

statutory jurisdictional amount.'" *Reed v. Marvin Lumber & Cedar Co., LLC*, No. 22 Civ. 09701 (PMH), 2022 WL 16960963, at *2 (S.D.N.Y. Nov. 16, 2022) (citation omitted) (remanding case *sua sponte*). Defendants have not done so here.

Moreover, in his Verified Bill of Particulars, Plaintiff did *not* aggregate alleged damages for medical expenses and for "loss of employment earnings" as Defendants have attempted in the Notice of Removal. Rather, Plaintiff alleged that, "[a]t the time of the subject occurrence, Plaintiff was employed by Uber . . . as a driver earning approximately one thousand dollars ($1,000.00) weekly. . . . Plaintiff remains incapacitated from his gainful employment . . . . By reason of the subject occurrence and the results thereof, the Plaintiff sustained special damages . . . estimated in excess of approximately $50,000.00." Ex. E ¶ 12. "Bill[s] of particulars in personal injury actions" under New York law must specify "[t]otal amounts claimed as special damages for physicians' services and medical supplies; *loss of earnings*, with name and address of the employer; hospital expenses; nurses' services." NY CPLR § R3043 (2012). This is not a case where a plaintiff's Bill of Particulars shows a "reasonable probability that the amount in controversy requirement is met." *Scottsdale Ins. Co. v. Acceptance Indem. Ins*. Co., No. 19 Civ. 7294 (RA), 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019) (amount in controversy sufficiently established where *Bill of Particulars showed* plaintiff "claims that he sustained, at a minimum, the following special damages: (1) approximately $60,000 in the cost of physicians; (2) $15,000 in hospital expenses; (3) lost earnings and future lost wages based on his average weekly wage of $800; and (4) $2,500 in the cost of x-rays") (emphasis added).

Federal courts must "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citation omitted). They "'are not free to speculate' on [the] citizenship [of the parties] without further evidence." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 618 n.3 (citation omitted). Defendants'

6

allegations regarding the citizenship of the parties fail to "'establish[] jurisdiction' . . . by a 'preponderance of evidence.'" *Id.* at 617 (citation omitted).  Moreover, the Second Circuit has "h[e]ld that if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273-74.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that Defendants have failed to satisfy their burden of (i) establishing complete diversity of citizenship and (ii) "proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount," *Scherer*, 347 F.3d at 397 (quoting *Tongkook Am., Inc.*, 14 F.3d at 784)).  The Court therefore lacks subject matter jurisdiction and REMANDS this case to the Supreme Court of New York, Bronx County.

The Clerk of Court is directed to terminate all open motions, remand this case to the Supreme Court of New York, Bronx County, and close the case.

SO ORDERED.

Dated:  July 19, 2024
New York, New York

JENNIFER H. REARDEN
United States District Judge

7